IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER MITCHELL )<br>)<br>)<br>Plaintiff(s),            )<br>)<br>v.                              )<br>)<br>UNITED STATES OF AMERICA, et al. )<br>)<br>)<br>)<br>Defendant(s)            )<br>) | Civil Action No. 06-0870 (RWR) |

**DEFENDANTS' MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

The federal Defendants, respectfully move the Court, pursuant to Fed. R. Civ. P. 8(a), and 12 (b)(6) for an order dismissing Plaintiff's claims in this action inasmuch as Plaintiff has failed to set forth a legible, short and plain statement of his claims. In the alternative, Defendants request, pursuant to Fed. R. Civ. P. 12(e), a more definite statement of plaintiff's claims. Defendant submits the attached memorandum of points and authorities and a proposed order.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   /s/
_____
WYNEVA JOHNSON, D.C. BAR # 278515
Assistant United States Attorney
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER MITCHELL ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | Civil Action No. 06-0870 (RWR) |
| ) | |
| UNITED STATES OF AMERICA, et al. ) | |
| ) | |
| Defendant(s) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

The Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 8(a), 12 (b)(6) and 12(e) to dismiss the Complaint or, in the alternative, for a more definite statement. As grounds for this motion, Defendants submit that Plaintiff's Complaint is impossible to decipher because the handwriting is simply unintelligible. Thus, Defendants have no way of determining Plaintiff's claims before the Court. Defendants submit that they are unable to respond to the Complaint as drafted.

## ARGUMENT

Under the Federal Rules, the principal function of the Complaint is to give the Defendants fair notice of the claims asserted so that the Defendants can make an adequate response, either by answer or dispositive motion. Here, the Complaint fails to meet even these minimum requirements. Rule 8(a), Fed. R. Civ. P., states that a claim:

> [S]hall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim

> showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Id. Similarly, Rule 10(b), Fed. R. Civ. P., requires that:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Id.

"The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977) (citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217). "Beyond this, the rule serves to sharpen the issues to be litigated . . . ." Brown, 75 F.R.D. at 498 (dismissing pro se plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action). Because Plaintiff's Complaint has failed to comply with the Rules, it should be dismissed.

Alternatively, the Court should enter an order pursuant to Fed. R. Civ. P. 12(e) requiring Plaintiff to amend the Complaint in order to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Fed. R. Civ. P. 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

A more definite statement of Plaintiff's claims is critical because, as stated, to the extent Plaintiff is advancing Title VII claims, he must have filed a timely administrative claim with the

employing agency and exhausted his administrative remedies before filing a civil action. Plaintiff's Complaint lacks the necessary specificity to enable Defendant to understand the nature of the claims against his Department. Apart from whether the Court dismisses any portion of the the Complaint outright, it will be exceedingly difficult for Defendants to proceed with discovery, or even to prepare an answer to the Complaint, without a more definite statement of the specific alleged wrongful acts that serve as the bases of Plaintiff's claims for relief. See Clariett v. Rice, Civil Action No. 04-2250 (RJL), (ordering plaintiff to file a more definite statement where "it is unclear whether plaintiff exhausted administrative remedies with respect to [certain] Title VII claims"); and Gilbert v. Chertoff, Civ. Act. No. 05-2121 (RJL) (ordering plaintiff to file a more definite statement to preclude "shot-gun" pleading precluding defendant from effectively fashioning a coherent answer to the complaint.)(attached).

## CONCLUSION

WHEREFORE, Defendants respectfully submit that the Court should dismiss Plaintiff's complaint, or, in the alternative, require Plaintiff to amend his Complaint such that it sets forth a more definite statement of his claims.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

          /s/
WYNEVA JOHNSON, D.C. BAR # 278515
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7224


October 3rd, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, to:

CHRISTOPHER MITCHELL
R02791-088
UNITED STATES PENITENTIARY
P.O. Box 8500
Florence, CO 81226-8500

on this _____ day of October, 2006.

　　　　　　　　　　　　　　　　　　　　__/s/_____
　　　　　　　　　　　　　　　　　　　　WYNEVA JOHNSON, D.C. BAR # 278515
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　Judiciary Center Building
　　　　　　　　　　　　　　　　　　　　555 4th Street, N.W. - Civil Division
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20530
　　　　　　　　　　　　　　　　　　　　(202) 514-7224