IN THE UNITED STATES DISTRICT COURT

Civil Action No. _06-0870-RWR_
(To be supplied by the court)

*C. ELI-JAH HAKEEM MUHAMMAD*
*a/k/a CHRISTOPHER MITCHELL*, Plaintiff,

v.

*UNITED STATES OF AME-*
*RICA, ET AL.*,

*FEDERAL BUREAU OF*
*PRISONS U.S.J.*,

*BOP-OFFICE OF INFORM-*
*ATION & PRIVACY U.S.J.*,

*H.G. LAPPIN*
*BOP DIRECTOR*,

_____,

_____,

_____,

_____, Defendant(s).

(List each named defendant on a separate line.)

_____

PRISONER COMPLAINT

*"FIRST AMENDED COMPLAINT"*

(Rev. 9/02/04)

**A. PARTIES**

1. _C.E. Hakeem Muhammad a/k/a Chester Mitchell #02914 88, ADMAX_

(Plaintiff's name, prisoner identification number, and complete mailing address)

_P.O. Box 8500, Florence, CO 81226-8500_

2. _United States of America, 320_

(Name, title, and address of first defendant)

_First St. N.W. Washington DC 20534_

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ___ No (CHECK ONE). Briefly explain your answer:

_Negligent acts omission of BOP Emp.-loyees acting within scope of employment. Federal Bureau of Prisons (B.O.P.)_

3. _320 First St. N.W. Washington_

(Name, title, and address of second defendant)

_DC 20534_

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ___ No (CHECK ONE). Briefly explain your answer:

_Transfer, Classification, Adx Behavior Modification Program, BOP-Office of Information and_

4. _Privacy (B.O.P.) 320 First St.,_

(Name, title, and address of third defendant)

_N.W. Washington DC 20534_

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ___ No (CHECK ONE). Briefly explain your answer:

_Denies F.O.I.A. information_

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")

(Rev. 9/02/04)

2

A. PARTIES

1. H.G. LAPPIN, BOP DIRECTOR, 320 FIRST STREET N.W., WASHINGTON D.C. 20534. AT THE TIME THE CLAIMS AROSE THIS DEFENDANT ACTING UNDER COLOR OF FEDERAL LAW AS THE AUTHORITY SIGNATURE OF ALL BOP PROGRAM STATEMENTS POLICIES

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to:  (check one if applicable)

   ____ 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

   ✓ 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

   28 U.S.C. 2671-2680 FTCA

---

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.  If more space is needed to describe the nature of the case, use extra paper to complete this section.  The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

THIS IS A 28 U.S.C. 1331 & BIVENS ACTION FILED BY C. ELIJAH HAKEEM MUHAMMAD O/K/A CHRISTOPHER HUBERT MITCHELL A/B/A SCHEDUAX PRISONER, ALLEGING ASSORTMENT OF CONSTITUTIONAL VIOLATIONS OF THE FIRST, FIFTH AND EIGHTH AMENDMENTS. THE PLAINTIFF SEEKS MONETARY DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT. PLAINTIFF FURTHER SEEKS COMPENSATORY AND PUNITIVE DAMAGE FOR THE INTENTIONAL VIOLATION OF CONSTITUTIONAL RIGHTS, AND ATTORNEY FEES

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: _UNCONSTITUTIONAL EXEMPT STATUS OF WITHHELD DOCUMENTS UNDER FOIA/PA_

Supporting Facts: _1. PLAINTIFF IS ENTITLED TO A DECLARATION THAT ALL REGULATIONS AND/OR INTERPRETATIONS, ADMINISTRATIVE DIRECTIVES, INSTITUTIONAL PROCEDURES OR POLICIES PURSUANT TO 28 C.F.R. 16.97 (a) (4) ON WHICH DEFENDANT DOJ OFFICE OF INFORMATION AND PRIVACY (O.J.) BASE THEIR ADVERSE DETERMINATION UNDER FOIA/PA, NOT TO RELEASE THE REQUESTED RECORDS (NO. 2000-06330), PURSUANT TO 5 U.S.C. 552 (b) (2) (7) (C)(F.)_

_2. PLAINTIFF IS ENTITLED TO DECLARATORY AND INJUNCTIVE RELIEF AGAINST DEFENDANTS ACTIONS IN VIOLATION OF THE FOIA/PA STANDARD 5 U.S.C 552 a (g) (1) (C), THAT WERE DONE INTENTIONALLY AND WILLFULLY, AND ALSO ACTED WITHOUT GROUND FOR BELIEVING THEIR ACTIONS LAWFUL OR THAT IT FLAGRANTLY DISREGARDED THE RIGHTS GUARANTEED UNDER FOIA/PA._

2. Claim Two: UNCONSTITUTIONAL EXEMPTION
OF WITHHELD DOCUMENTS UNDER FOIA/PA

Supporting Facts: 3. PLAINTIFF IS ENTITLED TO A
DECLARATION THAT ALL REGULATIONS AND/OR
INSTRUCTIONS, ADMINISTRATIVE DIRECTIVES,
INSTITUTIONAL PROCEDURES, OR POLICIES
(28 C.F.R. 16.97 (a.) (4.)) ON WHICH DEFENDANT
BOP OFFICE OF INFORMATION N/ AGENCY (D.O.J.)
BASE THEIR ADVERSE DETERMINATION UNDER
THE FOIA/PA, NOT TO RELEASE THE REQUESTED
RECORDS (NO. 03-7687) PURSUANT TO 5 U.S.C.
552 (b) (2.) (7.) (C.) (F.)

4. PLAINTIFF IS ENTITLED TO INJUNCT-
IVE AND DECLARATORY RELIEF AGAINST THE
DEFENDANT ACTIONS IN VIOLATING THE FOIA
/PA STANDARDS 5 U.S.C 552 a. (g.) (1.) (C.) THAT
WERE DONE INTENTIONAL AND WILLFUL; AND
ALSO ACTED WITHOUT GROUNDS FOR BELIEVING
THEIR ACTION LAWFUL OR THAT IT FLAGRANTLY
DISREGARDED THE RIGHTS GUARANTEED UNDER
THE FOIA/PA.

3. Claim Three: _UNCONSTITUTIONAL EXEMPT STATUS OF WITHHELD RECORD UNDER FOIA/PA_

Supporting Facts: 5. _PLAINTIFF IS ENTITLED TO A DECLARATION THAT ALL REGULATION AND X INSTRUCTIONS, ADMINISTRATIVE DIRECTIVES, INSTITUTIONAL PROCEDURES, OR POLICIES (28 C.F.R. 16.97(a.)(4.)) ON WHICH DEFENDANT (DOJ OFFICE OF INFORMATION AND PRIVACY OOJ.) BASE THEIR REASONS AND ADVERSE DETERMINATION UNDER FOIA/PA, NOT TO RELEASE THE REQUESTED RECORDS (NO 04-7358) PURSUANT TO 5 U.S.C 552 (b)(2.)(7)(C)(f)_

6. _PLAINTIFF IS ENTITLED TO AN DECLARATORY AND INJUNCTIVE RELIEF AGAINST THE DEFENDANT ACTIONS' IN VIOLATION OF THE FOIA/PA STANDARD UNDER 5 U.S.C 552a. (g)(1)(c) THAT WERE DONE INTENTIONAL AND WILLFUL, AND ALSO ACTED WITHOUT GROUNDS FOR BELIEVING THEIR ACTIONS'. LAWFUL OR THAT IT FLAGANTLY DISREGARDED THE RIGHT GUARANTEED UNDER THE FOIA/PA_

(Rev. 9/02/04)

6

## I. CAUSE OF ACTION

4. CLAIM FOUR: UNCONSTITUTIONAL CLASSIF-
ICATION/TRANSFER INTO A BEHAVIOR MODIFI-
CATION PROGRAM

SUPPORTING FACT: 7. PLAINTIFF IS ENTITLED
TO A DECLARATION THAT ALL REGULATIONS AND
OR INSTRUCTIONS, ADMINISTRATIVE DIRECTIVES,
INSTITUTIONAL PROCEDURES, OR POLICIES
PURSUANT TO BOP PROGRAM STATEMENT 5100.07,
SECURITY DESIGNATION AND CUSTODY CLASSI-
FICATION MANUAL, ON WHICH DEFENDANT FEDE-
RAL BUREAU OF PRISONS BASE THEIR REASONS
TO ILLEGALLY CLASSIFIED, TRANSFER, AND
ACCEPT THE PLAINTIFF INTO A INVOLUNTARY
AND INDEFINITE BEHAVIOR MODIFICATION
PROGRAM IN A SUPERMAXIMUM FACILITY.

8. PLAINTIFF IS ENTITLED TO DECLAR-
ATORY AND INJUNCTIVE RELIEF AGAINST
DEFENDANT FEDERAL BUREAU OF PRISON
PROCEDURES AND POLICY BY WHICH DEFEND-
ANT CLASSIFIED BOP PRISONERS FOR PLAC-
EMENT AT ITS LEVEL 6 ULTRA-MAXIMUM
FACILITY, FAILED TO PROVIDE ADX PRIS-
ONER WITH SUFFICIENT PROTECTION TO
COMPLY WITH THE DUE PROCESS CLAUSE.

"I. CAUSE OF ACTION."

5. CLAIM FIVE: TORT CLAIM FOR ASSAULT AND BATTERY

SUPPORTING FACTS: 9. PLAINTIFF IS ENTITLED TO A DECLARATION OF TORT PRINCIPLES FOR ASSAULT AND BATTERY CAUSED BY DEFENDANT FEDERAL BUREAU OF PRISONS EMPLOYEES, CASTILLO, J. (S.O.S.) AND ROGERS, L. (S.O.S.), ACTING WITHIN THEIR SCOPE OF EMPLOYMENT IN THEIR INDIVIDUAL CAPACITY, COMMITTED ASSAULT AND BATTERY, THAT WERE DONE WITH WILLFUL, WANTON, AND HOSTILE INTENT, VIOLATES BOP PROGRAM STATEMENT 3420.09, STANDARDS OF EMPLOYEE CONDUCT.

10. PLAINTIFF IS ENTITLED TO DECLARATORY RELIEF AND DAMAGES IN WHICH DEFENDANT FEDERAL BUREAU OF PRISONS BOP EMPLOYEES, SENIOR OFFICER SPECIALIST CASTILLO AND SENIOR OFFICER SPECIALIST ROGERS DERELICTION/PERFORMANCE OF DUTIES, USED UNPRIVILEGES AND MENACING CONTACTS AGAINST THE PLAINTIFF, ACT DONE WITH DUE CARE IN

"5. CAUSE OF ACTION."

THE EXECUTION OF STATUE OR REGULATION, OR WITHIN THE DISCRETIONARY FUNCTION AS AN EMPLOYEE OF THE BOP, VIOLATES BOP PROGRAM STATEMENT 5566.05, USE OF FORCE AND APPLICATION OF RESTRAINTS ON INMATES, PURSUANT TO 28 C.F.R 552.20

6 CLAIM SIX: TORT CLAIM-ACTION OF MENTAL AND EMOTIONAL INJURY IN A BEHAVIOR MODIFICATION PROGRAM

SUPPORTING FACTS: 11. PLAINTIFF IS ENTITLED TO A DECLARATION THAT DEFENDANT FEDERAL BUREAU OF PRISON, HAVING CUSTODY OF THE PLAINTIFF IN THEIR BEHAVIOR MODIFICATION PROGRAM, PRACTICE, OR CUSTOMS OF STRESS AND DURESS TACTICS, KNEW OF THE PSYCHIATRIC "SYNDROME" EXISTED WITH RESPECT TO THE PSYCHOLOGICAL EFFECTS OF PROLONGED "SHU" CONFINEMENT THAT DID NOT SERVE NO PENOLOGICAL PURPOSE.

12. PLAINTIFF IS ENTITLED TO ACTUAL DAMAGES OF TORTIOUS ACT OR BREACH OF DUTIES BY DEFENDANTS' ACT-EMPLOYEE; PLAINTIFF SUFFERED MENTAL OR EMOTIONAL

"1. CAUSE OF ACTION."

INTORY OF INFLICTION OF PSYCHOLOGICAL HARM WAS SEEN CAUSING CLINICAL SYMPTOM OF "SHU" SYNDROME, PURPOSELY INFLICTED ON THE PLAINTIFF WHEN HE WAS INTERMEDIATE DETAIN AND HELD IN SHU FOR 6 MONTHS IN THE TOXICITY OF SHU – ENVIRONMENT THAT EXACERBATED THE EXISTED MENTAL ILLNESSES

7. CLAIM SEVEN: TORT CLAIM OF DELIBERATE INDIFFERENCE

SUPPORTING FACTS: 13. PLAINTIFF IS ENTITLED TO DECLARATION OF TORT PRINCIPLES OF DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS CAUSED BY DEFENDANT, FEDERAL BUREAU OF PRISON EMPLOYEE, AND OFFICE OF HEALTH SERVICES, ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT, IN BOTH CAPACITIES, ACTIONS ARE SUBJECT TO SCRUTINY UNDER THE 8TH AMENDMENT.

14. PLAINTIFF IS ENTITLED TO DAMAGES OF MALFEASANCE AGAINST DEFENDANT FEDERAL BUREAU OF PRISON EMPLOYEE

"1. CAUSE OF ACTION."

(AMX-OFFICE OF HEALTH SERVICES), CONCEALING THEIR MEDICAL ADMINISTRATION, SYSTEM, AND STAFF COMMITTING MALPRACTICE BY DELIBERATELY IGNORING, MISDIAGNOSING, AND FAILING TO TREAT APPROPRIATELY, PLAINTIFF'S DOCUMENTED HISTORY OF CHRONIC IRREGULAR BOWEL MOVEMENTS, CONSTIPATION, AND LACK OF PROPER MEDICAL DIET FOR THIS CONDITION.

8. CLAIM EIGHT: TORT CLAIM OF RETALIATION AND DESTRUCTION OF PERSONAL PROPERTY

SUPPORTING FACTS: 15. PLAINTIFF IS ENTITLED TO A DECLARATION OF TORT PRINCIPLES OF COGNIZABLE CLAIMS UNDER FEDERAL TORT CLAIM ACT, SUBJECT TO 28 U.S.C 2671-2680, FTCA, AGAINST DEFENDANT FEDERAL BUREAU OF PRISONS EMPLOYEES, C.F. BELL (W.O.) AND J. FOSTER (S.O.S.), ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT, IN THEIR INDIVIDUAL CAPACITIES, NEGLIGENTLY AND INTENTIONALLY DESTROYED PLAINTIFF'S PERSONAL PROPERTY AFTER IT WAS CONFISCATED, IN

"I. CAUSE OF ACTION."

VIOLATION OF BOP-PROGRAM STATEMENT 5580.06-28 C.F.R. 553.13, INMATES PERSONAL PROPERTY POLICY

16. PLAINTIFF IS ENTITLED TO DAMAGES UNDER CONVERSION AND TROVER, AGAINST DEFENDANT UNITED STATES OF AMERICA AND FEDERAL BUREAU OF PRISONS, PLAINTIFF DEMONSTRATES ALLEGES 6 ELEMENTS UNDER FTCA, MAKING THE DEFENDANTS LIABLE TO THE PLAINTIFF IN ACCORDANCE WITH THE LAW OF THE PLACE WHERE THE ACT OR OMISSION OCCURRED BY A TORT-FEASOR PURSUANT 28 U.S.C. 1346 (B.)(1)?

9. CLAIM NINE: TORT CLAIM UNDER FTCA FOR DELIBERATE INDIFFERENCE TO MENTAL HEALTH NEEDS

SUPPORTING FACTS: 17. PLAINTIFF IS ENTITLED TO A DECLARATION OF TORT PRINCIPLES OF COGNIZABLE CLAIM UNDER FEDERAL TORT CLAIM ACT, PURSUANT TO 28 U.S.C. 2671-2680, AGAINST DEFENDANTS UNITED STATES OF AMERICA AND FEDE-

"9. CAUSE OF ACTION"

FEDERAL BUREAU OF PRISONS, CONDITIONS-OF-CONFINEMENT AT UNITED STATES PENITENTIARY-FLORENCE ADMINISTRATIVE DETENTION MAXIMUM ("ADX"), DELIBERATELY INDIFFERENCE TO MENTALLY ILL ADX PRISONERS' HOUSE INVOLUNTARY AND INTERSTATE.

18. PLAINTIFF IS ENTITLED TO TORTIOUS DAMAGES AGAINST DEFENDANTS UNITED STATES OF AMERICA AND FEDERAL BUREAU OF PRISONS. PLAINTIFF DEMONSTRATES ALL 6 ALLEGED ELEMENTS UNDER FTCA. MAKING BOTH DEFENDANTS LIABLE TO THE PLAINTIFF IN ACCORDANCE WITH THE LAW OF THE PLACE WHERE THE ACT OR OMISSIONS OCCURRED PURSUANT TO 28 U.S.C. 1346 (b)(1) IS WELL AWARE OF PLAINTIFF'S COMPLAINTS OF BEING SUICIDAL DUE TO THE CONDITIONS-OF-CONFINEMENT AND MEDICATIONS WHILE IN A BEHAVIOR MODIFICATION PROGRAM

10. CLAIM TEN: UNCONSTITUTIONAL INFRINGEMENTS OF RELIGIOUS FREEDOM RIGHTS AND EXPRESSION

"5. CAUSE OF ACTION."

SUPPORTING FACTS: 19. PLAINTIFF IS ENTITLED TO A DECLARATION THAT ALL REGULATIONS AND/OR INSTRUCTIONS, ADMINISTRATIVE DIRECTIVES, INSTITUTIONAL PROCEDURES, OR POLICIES, PURSUANT TO BOP PROGRAM STATEMENTS 5800.07, INMATE SYSTEM MANAGEMENT MANUAL AND BOP P.S. 5800.08, RECEIVING AND DISCHARGE MANUAL POLICIES ON WHICH DEFENDANT LAPPIN BASE HER REASON TO NOT RECOGNIZE THE PLAINTIFF'S LEGALLY CHANGE NAME PLAINTIFF ADOPTED A MUSLIM NAME BEFORE HIS INCARCERATION.

20. PLAINTIFF IS ENTITLED TO DECLARATORY AND INJUNCTIVE RELIEF PROHIBITING DEFENDANT LAPPIN FROM INFRINGING AND INTERFERING UPON PLAINTIFF'S RIGHT OF EXERCISE OF RELIGIOUS FREEDOM UNDER "RFRA" AND OR "RLUIPA" AS TO HIS ADOPTED MUSLIM NAME AS A CONVERT TO THE ISLAMIC FAITH. DEFENDANT LAPPIN'S POLICIES VIOLATES PLAINTIFF'S FREE EXERCISE RIGHTS BY REFUSING HIM TO USE HIS ISLAMIC NAME.

"I. CAUSE OF ACTION."

11. CLAIM ELEVEN: UNCONSTITUTIONAL
"PUBLISHER ONLY" RULE

SUPPORTING FACT: 111. PLAINTIFF IS
ENTITLED TO A DECLARATION THAT ALL
REGULATIONS AND/OR INSTRUCTIONS,
ADMINISTRATIVE DIRECTIVES, INSTITUTI-
ONAL PROCEDURES, OR POLICIES ON WHICH
DEFENDANT LAPPIN BASE HIS REASONS
CONCERNING THE RESTRICTIONS PLACES
ON ALL PRISONERS TO ONLY RECEIVE
INCOMING PUBLICATIONS FROM PUBLISH-
ER, BOOKSTORE, OR BOOK CLUBS.

112. PLAINTIFF IS ENTITLED TO DECL-
ARATORY AND INJUNCTIVE RELIEF PROH-
IBITING DEFENDANT LAPPIN FROM REJECT-
ING INCOMING PUBLICATIONS FROM ANY
SOURCES BUT THE PUBLISHER, BOOK CLUBS,
OR BOOKSTORES, NOT ALLOWING ANY SUFFI-
CIENT ALTERNATIVES MEANS FOR OBTAINING
READING MATERIALS FROM OTHER SOURCES.
PLAINTIFF OR ANY PRISONER CANNOT GET
A PARTICULAR PUBLICATION OR TYPE OF
READING MATERIAL THAT CANNOT RECEIVE
UNDER THE RULES OR POLICIES UNDER

"I. CAUSE OF ACTION."

BOP-PROGRAM STATEMENT 5266.10-28 C.F.R.
540.71, INCOMING PUBLICATION POLICY

II. CLAIM TWELVE: TORT CLAIMS OF INTER-
FERENCE DELIVERING INCOMING PUBLICAT-
ION

SUPPORTING FACTS: 23. PLAINTIFF IS ENTITL-
ED TO A DECLARATION OF TORT PRINCIPLES
OF COGNIZABLE CLAIMS UNDER FEDERAL
TORT CLAIM ACT AGAINST DEFENDANTS
UNITED STATES OF AMERICA AND FEDERAL
BUREAU OF PRISONS, BOP-EMPLOYEES, ADM-
INISTRATION INMATE SYSTEM MANAGER-OFFI-
CERS NEGLIGENTLY AND INTENTIONALLY,
FAILED TO DELIVER OR ALLOW DELIVERY
OF A INCOMING PUBLICATION THAT
THE PLAINTIFF SUBSCRIBE TO.

24. PLAINTIFF IS ENTITLED TO
CONVERSION, DETINUE, AND TROVER
DAMAGES AGAINST DEFENDANTS UNITED
STATES OF AMERICA AND FEDERAL BUREAU
OF PRISONS, PLAINTIFF DEMONSTRATES
ALLEGES 6 ELEMENTS UNDER FTCA, MAK-
ING THE DEFENDANTS LIABLE TO THE PLA-

"1. CAUSE OF ACTION:

PLAINTIFF IN ACCORDANCE WITH THE LAW OF THE PLACE WHERE THE ACTS OR OMISSIONS OCCURRES PURSUANT TO 28 U.S.C 1346 (b.) (1.)

13. CLAIM THIRTEEN: TORT CLAIMS FOR RETALIATION FOR ENGAGING IN PROTECTED CONDUCT

SUPPORTING FACTS: 25. PLAINTIFF IS ENTITLED TO A DECLARATION OF TORT PRINCIPLES OF COGNIZABLE CLAIMS UNDER FTCA PURSUANT TO 28 USC 2671-2680, AGAINST DEFENDANTS UNITED STATES OF AMERICA AND FEDERAL BUREAU OF PRISONS, BOP EMPLOYEES, ASKF UNIT TEAM MEMBER (MASSON, SUL-ON, AND COLLINS) OF TORTIOUS ACTION AND RETALIATION CONDUCT, INTERFERES, HINDERS, AND HARASS THE PLAINTIFF FOR ENGAGING IN A PROTECTED CONDUCT, OF ACCESS TO GRIEVANCES AND COURTS

26. PLAINTIFF IS ENTITLED TO DAM-AGES AGAINST DEFENDANTS UNITED STATES OF AMERICA AND FEDERAL BUREAU OF PRISO-NS, PLAINTIFF HAVE DEMONSTRATED ALLEGES

"J. CAUSE OF ACTION."

6 ELEMENTS UNDER FTCA, MAKING THE DEFENDANTS LIABLE TO THE PLAINTIFF FOR PERSONAL INJURY, IN ACCORDANCE WITH THE LAW OF THE PLACE WHERE THE ACT OR OMISSION OCCURRED PURSUANT TO 28 U.S.C. 1346 (b)(1).

14. CLAIM FOURTEEN: TORT CLAIM FOR LACK OF HEALTH CARE PROVIDER-ACCESS

SUPPORTING FACTS: 27. PLAINTIFF IS ENTITLED TO A DECLARATION OF TORT PRINCIPLES OF DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED CAUSED BY DEFENDANTS UNITED STATES OF AMERICA AND FEDERAL BUREAU OF PRISONS (BOP EMPLOYEES - ADX - OFFICE OF HEALTH SERVICES), OF THE SYSTEMIC PROBLEM PLAGUING THE ADX HEALTH SERVICES CAUSING ALL ADX PRISONERS' INADEQUATE MEDICAL CARE RECEIPT, THAT THE DEFENDANTS AREN'T PROVIDING ADEQUATE NUMBERS OF HEALTH CARE PROVIDERS TO PROVIDE TREATMENT AS PRESCRIBED, AND HANDLE MEDICAL EMERGENCIES DUE TO BOP BUDGET CUTS AND LAYOFFS.

"1. CAUSE OF ACTION"

13. PLAINTIFF IS ENTITLED TO DAM-
AGES FOR MEDICAL MALFEASANCE AGAINST
DEFENDANTS BOP EMPLOYEES (ADX-OFFICE
OF HEALTH SERVICES), IN WHICH PLAINTIFF
DEMONSTRATES ALLEGES 6 ELEMENTS
UNDER FTCA, MAKING THE DEFENDANTS TO
THE PLAINTIFF FOR PERSONAL INJURY
CAUSE BY THE ACTS OR OMISSIONS OF
TORT-FEASORS COMMITTING ACT OF
MEDICAL MALPRACTICE OCCURRES WITHIN
THE ADX-FACILITY, PURSUANT TO 28 U.S.C.
1346 (b)(1).

15. CLAIM FIFTEEN: TORT CLAIM OF
DEPRIVATIONS OF LEGAL, RELIGIOUS,
AND PERSONALTY PROPERTY

SUPPORTING FACTS: 29. PLAINTIFF IS
ENTITLED TO A DECLARATION OF TORT
PRINCIPLES OF COGNIZABLE CLAIM
UNDER FEDERAL TORT CLAIM ACT PURSUANT
TO 28 U.S.C. 2671-2680 AND 28 C.F.R 543.30,
AGAINST UNITED STATES OF AMERICA AND FEDE-
RAL BUREAU OF PRISONS (BOP-EMPLOYEE-
ADX-PROPERTY LIEUTENANT T.S WHITE)
ACTING WITHIN THE SCOPE OF HIS EMPLOY-

"1. CAUSE OF ACTION"

MENT, DELIBERATELY AND INDEFINITE WITHHELD PLAINTIFF'S LEGAL, RELIGIOUS, AND PERSONAL (PERSONALTY) PROPERTY HELD IN HIS AUTHORITY AND CUSTODY.

30. PLAINTIFF IS ENTITLED TO CONVERSION, DETINUE, REPLEVIN, AND TROVER FOR TORTIOUS DAMAGES AGAINST NAME DEFENDANTS, THAT PLAINTIFF DEMONSTRATES ALLEGES 6 ELEMENTS UNDER FTCA, MAKING DEFENDANTS LIABLE TO WITH THE LAW OF THE PLACE WHERE THE ACT OR OMISSIONS OCCURRED PURSUANT TO 28 U.S.C. 1346 (b)(1)

16. CLAIM SIXTEEN: UNCONSTITUTIONAL BANNING BOP PRISONERS' FROM POSSESSING SEI-REPORTS AND S.O.L.'S.

SUPPORTING FACTS: 31. PLAINTIFF IS ENTITLED TO A DECLARATION THAT ALL REGULATIONS AND/OR INSTRUCTIONS, ADMINISTRATIVE DIRECTIVES, INSTITUTIONAL PROCEDURES, OR POLICIES PURSUANT TO BOP PROGRAM STATEMENT 1351. 05-28 C.F.R.

"/ CAUSE OF ACTION:"

513.30 AND 513.40 (2) (3) (1), RELEASE OF INFORMATION POLICY ON WHICH DEFENDANT LAPPIN BASE HIS REASONS TO PROHIBIT BOP PRISONERS FROM POSSESSING COPIES OF THEIR PRE-SENTENCE REPORTS (PSR) AND THEIR JUDGMENTS IN A CRIMINAL CASES.

32. PLAINTIFF IS ENTITLES TO DECLARATORY AND INJUNCTIVE RELIEF AGAINST DEFENDANT LAPPIN FROM INFRINGING ON PLAINTIFF'S CONSTITUTIONAL 1ST, 5TH, AND 6TH. AMENDMENT RIGHTS PURSUANT TO A POLICY THAT'S IN VIOLATION OF THE BOUNDS, TURNER, AND LEWIS STANDARDS, BANNING ALL BOP-COMMITTED OFFENDER FROM POSSESSING CERTAIN LEGAL DOCUMENTS FROM COURTS OR LAWYERS

17. CLAIM SEVENTEEN: UNCONSTITUTIONAL BOP-PRISONER CO-PAYMENT PROGRAM FOR MEDICAL CARE

SUPPORTING FACTS: 33. PLAINTIFF IS ENTITLES TO A DECLARATION THAT ALL REGU-

## 4. CAUSE OF ACTION.

LATION AND/OR INSTRUCTION, ADMINISTRATIVE DIRECTIVES, INSTITUTIONAL PROCEDURES, OR POLICIES SET FORTH IN BOP-PROGRAM STATEMENT 6031.02, INMATE CO-PAYMENT PROGRAM, PURSUANT TO 18 U.S.C 4048-FEDERAL PRISONER HEALTH CARE CO-PAYMENT ACT (FHCCA) OF 2000 (P.L 106-294) ON WHICH DEFENDANT FEDERAL BUREAU OF PRISONS BASE THEIR REASON FOR IMPLEMENT, A HEALTH CARE VISITS WITH A FEE

34. PLAINTIFF IS ENTITLED TO DECLARATORY AND INJUNCTIVE RELIEF AGAINST DEFENDANT FEDERAL BUREAU OF PRISON PROHIBITING THEM FROM INSTITUTING A CO-PAY FEE POLICY TO COMMITTED BOP PRISONER UNDER THEIR JURISDICTION, MUST CO-PAY FOR ANY HEALTH CARE VISITS. THIS POLICY VIOLATES THE 4-PRONG TEST OF THE TURNER STANDARD, AND SHOULD BE SCRUTINIZE UNDER THE 8TH AMENDMENT.

"J. CAUSE OF ACTION"

18. CLAIM EIGHTEEN: ACCESS TO MUSLIM
IMAM OR CHAPLAIN

SUPPORTING FACTS: 35. PLAINTIFF IS
ENTITLED TO A DECLARATION THAT ALL
REGULATION AND/OR INSTRUCTION,
ADMINISTRATIVE DIRECTIVES, INSTITU-
TIONAL PROCEDURES, OR POLICIES PURSUANT
TO BOP PROGRAM STATEMENT 5360.08 AND
ADX-INSTITUTION SUPPLEMENT-FLM 5360.08C,
RELIGIOUS BELIEFS AND PRACTICES OF
COMMITTED OFFENDERS POLICIES ON WHICH
DEFENDANT FEDERAL BUREAU OF PRISONS
FAILED TO HERE FOR THE ADX-MUSLIM,
A MUSLIM CHAPLAIN OR PROVIDE MUSLIM
VOLUNTEERS

36. PLAINTIFF IS ENTITLED TO DECLAR-
ATORY AND INJUNCTIVE RELIEF AGAINST FEDE-
RAL BUREAU OF PRISONS FOR VIOLATING THE
EQUAL PROTECTION CLAUSE, "RFRA" AND/OR
"RLUIPA" FOR FAVORING CHRISTIAN
RELIGIONS OVER AL-ISLAM WHEN PROVIDING
ADX-CHRISTIAN WITH A CHAPLAIN AND PLA-
CING A "SUBSTANTIAL BURDEN" ON THE ADX

"7) CAUSE OF ACTION"

MUSLIM EXERCISE OF RELIGION, WHEN REFUSING TO TAKE A MUSLIM CHAPLAIN DUE TO SO-CALLED BUDGET CUT OF THE BOP, AND NATIONAL SECURITY THAT UNRELATED TO ANY PENOLOGICAL PURPOSE OR JUSTIFICATION, VIOLATING BOP PROGRAM STATEMENT 1040. 04-28 C.F.R. 551. 90, NON DISCRIMINATION TOWARD INMATES POLICY.

19. CLAIM NINETEEN: TORT CLAIM OF EXTREME DEPRIVATION OF OUT-OF-CELL EXERCISE

SUPPORTING FACT: 37. PLAINTIFF IS ENTITLED TO A DECLARATION OF TORT PRINCIPLES OF DELIBERATE INDIFFERENCE BY DEFENDANT UNITED STATES OF AMERICA EMPLOYEE FOR THE BOP (ASX-WARDEN L WILEY) ACTS OR OMISSIONS OF ACTUAL KNOWLEDGE OF INFLICTING HARM OF THE PLAINTIFF, AS A MENTALLY ILL PRISONER, DENIED HIM ALL OUT-OF-CELL EXERCISE OPPORTUNITIES FOR OVER 6 MONTHS, CONSTITUTED AN OBJECTIVELY SERIOUS DEPRIVATION OF A BASIC HUMAN NEEDS. ASX-WARDEN AND BOP-EMPLOYEE

"J CAUSE OF ACTION?

ACTUAL INTENT, WANTED THE PLAINTIFF TO SUFFER THE HARM DUE TO HIS INDEFINITE LOCK-DOWN POLICY THAT BAN ALL GROUP RECREATION ACTIVITIES

38. PLAINTIFF IS ENTITLED TO DAMAGES AGAINST DEFENDANT UNITED STATES OF AMERICA PURSUANT TO 28 C.F.R. 543.30, FOR BOP-EMPLOYEE AND CEO OF A ADMAX FACILITY (A.K.A WARDEN WILEY), CLAIMS UNDER FTCA OUTLINED IN 28 U.S.C. 1346 (b) (1) AND 28 U.S.C. 2671-2680, FOR PERSONAL INJURY, ARISING FROM DEFENDANT BOP-EMPLOYEE WILEY'S NEGLIGENT ACT OR OMISSIONS, ACTING WITHIN THE SCOPE OF HIS EMPLOYMENT AS THE CEO WARDEN OF THE ADMAX FACILITY, FAILED TO ACT IN SUCH CIRCUMSTANCES THAT THE BOP-EMPLOYEE LOCK-DOWN POLICY KNEW OF THE SUBSTANTIAL RISK OF PHYSICAL AND PSYCHOLOGICAL HARM CAN CAUSE ADMAX-PRISONERS IN THE MOST RESTRICTIVE PART OF THE ADX-PROGRAM UNITS

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ✓ Yes ___ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit:



2. Docket number and court name:

3. Claims raised in prior lawsuit:

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?):



5. If the prior lawsuit was dismissed, when was it dismissed and why?

6. Result(s) of any appeal in the prior lawsuit:

    N/A

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?

    ✓ Yes ___ No (CHECK ONE).

2. Did you exhaust available administrative remedies? ✓ Yes ___ No (CHECK ONE).

If yes, either attach copies or describe with specificity how you have exhausted administrative remedies. If no, briefly explain why not:

PLAINTIFF COMPLETELY EXHAUSTED REMEDIES ON ALL CLAIMS SEE ATTACHMENTS

(Rev. 9/02/04)                                    7

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

*[Handwritten:]* PLAINTIFF HEREBY DEMANDS TRIAL BY A JURY OF SIX (6) ON ALL ISSUES SO TRIABLE

A DECLARATION THAT DEFENDANTS' ACTIONS AND FAILURES TO ACT HAVE VIOLATED PLAINTIFF'S 1ST, 5TH, 6TH, AND 8TH AMENDMENTS

AN AWARD OF PLAINTIFF'S DAMAGES

AN AWARD OF PUNITIVE DAMAGES

AN AWARD OF PLAINTIFF'S REASONABLE ATTORNEY FEES AND COSTS PURSUANT TO 28 U.S.C. 2412

SUCH FURTHER RELIEF AS THE COURT DEEM JUST AND EQUITABLE.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on *NOV 1, 2006*
_____
(Date)

C. E. *[signature]*
_____
(Prisoner's Original Signature)